

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

September 11, 1959

*Reaffirmed by m-248*

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Opinion No. WW-702

Re: Authority of the Comp-
troller to approve a
voucher for payment to
a court reporter for
taking oral deposition
of a witness of a pend-
ing case, under Article
2423a, Vernon's Civil
Statutes and related
Articles.

Dear Mr. Calvert:

We have received your letter of August 6, 1959, which
reads as follows:

"This department has received a voucher
presented by your department for payment to
Jack K. Tingle, a court reporter, for taking
oral depositions from a witness. This voucher
is being returned to you as we are doubtful
that it is properly payable by the state in
view of the holdings in Attorney General's
Opinion number V-409 and Articles 2324a,
2324, 2326, 3746, and Rule 194 of R.C.P.
This department will appreciate hearing from
you as to your findings in the event you find
that this voucher is payable by the state.
There is no litigation pending which will have
a bearing on this question."

Attorney General's Opinion V-409 (1947) relating to
the duty of a court reporter under Article 119, V.C.C.P.
reads in part as follows:

> "A court reporter is an officer of the court. In performing the functions and duties imposed upon him by Article 119, he is merely performing an added duty for which no provision is made for extra compensation by the State."

Article 2324a, Vernon's Civil Statutes, reads in part as follows:

> "Section 1. All official District Court reporters are <u>authorized</u> to take depositions of witnesses, and to receive, execute and return commissions, administer oaths and affidavits, in connection with such depositions, and make a certificate of such fact, and do all other things necessary in the taking of such depositions in accordance with existing laws." (Emphasis ours).

Article 2326, Vernon's Civil Statutes, is the general statute establishing compensation of court reporters in various categories of counties. In each category the stipulated compensation is specifically set to be in addition to the "transcript fees" that may be charged by the reporter.

Article 3746, Vernon's Civil Statutes, and Rule 194, Rules of Civil Procedure, impose a duty on the addressee of a commission to take the deposition of a witness.

We shall assume it is the official duty of the court reporter to take the deposition of witnesses in proceedings before the court. May, then, the reporter charge the state a fee for such service, and if so, how much may he charge the state?

Article 2324, Vernon's Civil Statutes, reads as follows:

> "Each official court reporter shall:
>
> "Attend all sessions of the court; <u>take full shorthand notes of all oral testimony</u> offered in every case tried in said court, together with all objections to the admissibility of the evidence, the rulings and remarks of the court thereon, and

all exceptions thereto; take full shorthand notes of closing arguments when requested so to do by the attorney for any party to such case, together with all objections to such arguments, the rulings and remarks of the court thereon, and all exceptions thereto;

"Preserve all shorthand notes taken in said court for future use or reference for a full year, and furnish to any person a transcript in question and answer form of all such evidence or other proceedings, or any portion thereof as such person may order, upon the payment to him of the fees provided by law.

"When any party to any suit reported by any such reporter shall desire a transcript of the evidence in said suit, said party may apply for same and the reporter shall make up such transcript and shall receive as compensation therefor the sum of not more than thirty cents per one hundred words for the original thereof. In the event said transcript should be ordered made in narrative form, then such reporter shall make up same in duplicate in narrative form, and shall receive as compensation therefor the sum of twenty cents per hundred words for the original; provided, however, that no charge shall be made for the duplicate copy, and provided further, that in case any reporter charges more than the fees herein allowed he shall be liable to the person paying the same a sum equal to four times the excess so paid.

"Provided further, that when such court reporter is requested to report the closing arguments in any case, the clerk of the court shall tax as costs in such case the sum of Five Dollars ($5.00). Said fee shall be paid as other costs in the case, and paid by said clerk, when collected, into the General Funds of the county in which said court sits; provided further, however, that if a transcript of such arguments or any portion thereof be ordered by any party, said reporter shall prepare

same and charge therefor at the rate herein
provided for transcripts in question and ans-
wer form; provided, that in case any reporter
charges more than the fees herein allowed he
shall be liable to the person paying the same
a sum equal to four times the excess so paid.
As amended Acts 1955, 54th Leg., p. 1033, ch.
390, §1."

The above statutes and rules establish that the report-
er is authorized to take depositions, and in certain instances
a duty to do so is imposed upon him.  It is clear that a deposi-
tion is evidence taken from a witness in a judicial proceeding
(see 12 Words and Phrases, 253, and numerous cases cited there-
in).  We feel the duty of the reporter relative to taking deposi-
tions is the same as his duty to take other oral testimony in
the proceeding.

It will be noted that the only duty imposed upon the
reporter by any of the above statutes is to "take" the testimony
offered in full shorthand notes.  There is no duty imposed on
a reporter to transcribe those notes unless and until he is re-
quested to do so.  It is specifically provided that if he is
requested to transcribe the testimony, he may charge a trans-
cript fee.

Although the statute does not  provide any fee for
"taking" the deposition when the duty to do so is imposed on a
reporter, there is a statutory scheme for his fees when he makes
a transcript thereof.  If the transcript is written in other
than narrative form, the reporter may charge, and the state
may pay, not to exceed thirty cents per one hundred words for
the original thereof.  (Article 2324).  It is not the official
duty of the reporter to make a carbon copy of the transcript
if so taken, so if one is ordered and made for the use of a
state agency or department, the  price thereof is a matter for
negotiation between the reporter and that agency or department.
(See Attorney  General's Opinion WW-692 (1959)).  If appropriated
funds are available to that agency or  department to purchase
the copy, the price agreed upon is entirely within the discre-
tion of that agency or department.

Therefore, you are advised that  in our opinion, the
Comptroller may issue warrants in payment for services rendered

by court reporters in transcribing depositions for  the state
in accordance with the fees prescribed in Article 2324 of
Vernon's Civil Statutes.

### SUMMARY

The Comptroller may issue warrants
in payment for services rendered
by court reporters in transcribing
depositions for the state in accord-
ance with the fees prescribed in
Article 2324 of Vernon's Civil
Statutes.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Tom I. McFarling

Tom I. McFarling
Assistant

TIM:mfh:rm

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman

B. H. Timmins, Jr.
C. Dean Davis
William E. Allen
Jay Howell

REVIEWED FOR THE ATTORNEY GENERAL
BY:  W. V. Geppert